## SAM ADAMS v. THE STATE.

### No. 5613.   Decided December 10, 1919.

**1.—Theft of Hog—Sufficiency of the Evidence.**

Where, upon trial of theft of a hog, the evidence, although conflicting, sustained the conviction, there was no reversible error.

**2.—Same—Argument of Counsel—Practice on Appeal.**

Where, upon appeal from a conviction of the theft of a hog, the argument of State's Counsel was withdrawn by the court and was not of sufficient importance to require a reversal, the judgment will not be disturbed. Following: Borders v. State, 72 Texas Crim. Rep., 135, 161 S. W. Rep., 483, and other cases.

Appeal from the District Court of Jasper, Tried below before the Hon. W. T. Davis, judge.

Appeal from a conviction of the theft of a hog; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*G. E. Richardson, C. B. Neel, Chas. C. Ingram,* for appellant.— On question of argument of counsel: Robins v. State, 47 Texas Crim. Rep., 316; Jenkins v. State, 49 id., 57; Taylor v. State, 50 id., 560; Davis v. State, 54 id., 236; Smith v. State, 55 id., 563; Grinds v. State, 64 id., 64.

*Alvin M. Owsley,* Assistant Attorney General, for the State.— On question of argument of counsel: cited cases in the opinion.

DAVIDSON, PRESIDING JUDGE.—Appellant was convicted of hog theft and given two years in the penitentiary.

The issues in the case were sharply contested. There seems to be no question that appellant killed the hogs that belonged to the alleged owner Scott. His contention was that he killed them at the instigation of his brother Carroll Adams; that Carroll sent him in the field to kill the hogs, and that he killed them under the impression that they were the property of his brother. The State's theory of the case was that appellant killed the hogs knowing to whom they belonged, and that when the owner of the hogs came upon him with them he claimed to have killed them for his brother, believing them to be the property of his brother; but he seems to have been also familiar with his brother's business, and sufficiently so to know to the contrary. The hogs were kept by appellant or his brother, or both, after being slaughtered; although they agreed to pay Scott for them, they failed so to do. The question of appellant's connection with taking the hogs was an issue as to his intent and purpose. The State's evidence was sufficient to show that the verdict of the jury was justified.

A bill of exceptions was reserved to the argument of prosecuting counsel. The bill recites that the district attorney said: "This defendant drew a gun on Tom Scott," the prosecuting witness, and he also in said argument pointed to the defendant and referred to him as a "burr headed nigger." Exception was reserved to this, whereupon the court instructed the jury not to consider the remarks or action of the district attorney for any purpose whatever. It is contended that the evidence does not sustain the statement of the district attorney relative to the drawing of the gun, and the further remarks as to the defendant being a burr headed negro, and that this was of such prejudicial nature that the injury could not be withdrawn by instructions of the court. While the evidence does not positively show that appellant drew his gun on prosecuting witness Scott, there is evidence that just prior to the time Scott took the gun from appellant, that appellant said he would blow out the heart of prosecuting witness. The prosecuting witness then got hold of the gun and took it from him. This was when prosecuting witness first came upon him in possession of the dead hogs. The fact that appellant drew the gun on prosecuting witness is not sustained by specific evidence, yet the circumstances are of such a nature that we do not believe the district attorney went sufficiently far away from the facts to authorize a reversal, especially in view of the fact the whole matter was withdrawn from the consideration of the jury by instructions of the court. In regard to the fact that the district attorney called appellant a burr headed negro, we express the hope that arguments of this character will not be indulged. Appellant is a negro. In view of the withdrawal of the matter from the jury by the court we are of opinion this is not of sufficient importance to require a reversal. Some of the authorities may be cited in this connection:

Borders v. State, 72 Texas Crim. Rep., 135, 161 S. W. Rep., 483; Byrd v. State, 47 S. W. Rep., 721; Frizzell v. State, 30 Texas Crim. App., 42.

Finding no error in the record as would require a reversal of the judgment, it is affirmed.

*Affirmed.*